IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG PRICE, II<br>2411 Lucas Street<br>Houston, TX 77026<br><br>Plaintiff,<br><br>-vs-<br><br>VALVOLINE, LLC<br>c/o CT Corporation System<br>306 West Main Street, Suite 512<br>Frankfurt, KY 40601<br><br>*and*<br><br>DALAN MOTZ<br>1302 Wharton Weems Road<br>La Porte, TX 77571<br><br>Defendants. | CASE NO. 4:21-cv-03683<br><br>Judge<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Now comes Plaintiff Craig Price, II, by and through undersigned counsel, and hereby respectfully states his Complaint against Defendants:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff brings this action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, *et seq*.

2. Plaintiff is an African American resident of Houston, Texas, and he was an employee of the Defendants under 42 U.S.C. § 2000e(f).

3. Defendant Valvoline, LLC is a Kentucky limited liability company that is licensed to conduct business in the Southern District of Texas and regularly conducts business in the district at 1302 Wharton Weems Road, La Porte, Texas. Defendant Valvoline, LLC was Plaintiff's employer pursuant to 42 U.S.C. § 2000e(b).

4. At all relevant times, Defendant Dalan Motz was a resident of Houston, Texas, he was employed by Defendant Valvoline, LLC, and he was Plaintiff's supervisor. Defendant Dalan Motz was Plaintiff's employer pursuant to 42 U.S.C. § 2000e(b).

5. Jurisdiction is proper over the Defendants pursuant to 28 U.S.C. § 1331 because Plaintiff is alleging claims arising under the laws of the United States.

6. Venue is proper in the Southern District of Texas because this is the district in which a substantial part of the events giving rise to the claims alleged in this complaint occurred. The events occurred at and around 1302 Wharton Weems Road, La Porte, Texas.

7. Within 300 days of the conduct alleged herein, Plaintiff filed a charge of discrimination with the EEOC (charge no. 460-2021-03175).

8. On August 12, 2021, Plaintiff received a right to sue letter.

9. Plaintiff has properly exhausted all of his administrative remedies prior to this filing.

10. Plaintiff filed this suit within ninety days of receiving his right to sue letter from the EEOC.

**FACTS**

11. Plaintiff incorporates all of the allegations in the preceding paragraphs as if the same were rewritten here.

12. After he became assistant plant manager in or about January 2020, Defendant Dalan Motz, a Caucasian, promised Plaintiff, an African American, a free work shirt.

13. In or about September 2020, Plaintiff approached Defendant Dalan Motz about the shirt.

14. In response, Defendant Dalan Motz told Plaintiff: "You people always want something free."

15. Plaintiff immediately reported Defendant Dalan Motz's discriminatory comment to Jeffrey Brown, a supervisor. Plaintiff also complained to the Valvoline hotline.

16. Plaintiff was terminated on October 29, 2020 for complaining about Defendant Dalan Motz's racial remark.

17. A stated basis for the termination was an alleged violation of the attendance policy, which Plaintiff did not actually violate. Indeed, Plaintiff's attendance was the same as Dennis Jannice's, a Caucasian, but Jannice was not disciplined or terminated for violating the attendance policy. Frank Harris disparately applied the attendance policy to achieve "diversity in the workplace," i.e., to eliminate African Americans from the workplace.

18. Plaintiff was a dependable and hard worker who worked a lot of overtime and reported to work on time.

## COUNT I
**(Wrongful Termination Because of Race)**

19. Plaintiff incorporates all of the allegations in the preceding paragraphs as if the same were rewritten here.

20. Plaintiff was terminated because of his African American race, which is unlawful under Title VII.

21. Plaintiff was qualified for the job: he was a dependable and hard worker who worked a lot of overtime and reported to work on time.

22. Further, a similarly situated Caucasian, Dennis Jannice, was not disciplined like Plaintiff was; he was treated better than Plaintiff simply because of his race.

23. As a direct and proximate result of Defendants' intentional discriminatory conduct, in violation of 42 U.S.C. § 2000e-2, Plaintiff has suffered pecuniary and emotional injuries.

## COUNT II
### (Retaliatory Termination)

24. Plaintiff incorporates all of the allegations in the preceding paragraphs as if the same were rewritten here.

25. Defendant Dalan Motz told Plaintiff: "You people always want something free."

26. Plaintiff immediately reported Defendant Dalan Motz's discriminatory comment to Jeffrey Brown, a supervisor, and to the Valvoline hotline.

27. Plaintiff was caused to be terminated on October 29, 2020 as a direct and proximate result of complaining about Defendant Dalan Motz's racial remark.

28. But for the complaint, Plaintiff would not have been terminated.

29. Plaintiff's complaint about Defendant Dalan Motz was protected activity pursuant to Title VII.

30. Defendants retaliated against Plaintiff because of his engagement in protected activity, in violation of 42 U.S.C. § 2000e-3.

31. As a direct and proximate result of Defendants' intentional discriminatory conduct, Plaintiff has suffered pecuniary and emotional injuries.

## COUNT III
### (Hostile Work Environment Based on Race)

32. Plaintiff incorporates all of the allegations in the preceding paragraphs as if the same were rewritten here.

33. Plaintiff, an African American, was subjected to a hostile work environment because:

    a. Defendant Dalan Motz told Plaintiff: "*You people* always want something free."

    b. A similarly situated Caucasian, Dennis Jannice, was not disciplined like Plaintiff was; and

    c. Jamie Langfied called Plaintiff a "lazy boy."

34. The conduct and comments to Plaintiff were all unwelcome and were sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment to create a racially hostile and abusive work environment for Plaintiff.

35. A reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

36. Defendants knew of the racial harassment directed towards Plaintiff, but they failed to take corrective action.

37. As a direct and proximate result of Defendant's intentional discriminatory conduct, in violation of 42 U.S.C. § 2000e-2, Plaintiff has suffered pecuniary and emotional injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant judgment against Defendants, jointly and severally, as follows:

A. That the Court award Plaintiff past and future compensatory damages, economic and noneconomic, in an amount to be proven at trial;

B. That the Court award Plaintiff punitive damages against each Defendant and their agents, servants and/or employees in an amount to be proven at trial due to their willfulness, wantonness, recklessness and conscious disregard for Plaintiff's rights;

C. That the Court award Plaintiff attorney and expert fees, costs, and interest; and

D.  That the Court award Plaintiff such other and further relief as may be just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

Respectfully submitted,

CHAMBERLAIN ♦ MCHANEY, PLLC
901 S. Mopac Expressway
Barton Oaks Building 1, Suite 500
Austin, Texas 78746
(512) 474-9124
(512) 474-8582 FAX

By: */s/ Melissa Carr*
MELISSA CARR
Texas State Bar No. 24065008
Southern District of Texas Federal ID No. 3667785
mcarr@chmc-law.com

*Motion for admission pro hac vice forthcoming*

LEWIS A. ZIPKIN
Ohio Bar: 0030688
KEVIN M. GROSS
Ohio Bar: 0097343
The Zipkin Whiting Bldg
3637 South Green Road
Beachwood, OH 44122
T: 216-514-6400
F: 216-514-6406
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com

*Counsel for Plaintiff*