**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CRAIG PRICE, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-03683 |
| | § | |
| VALVOLINE, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

### DEFENDANT VALVOLINE LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Valvoline LLC ("Valvoline" or "Company"), and files this, its Original Answer to Plaintiff's First Amended Complaint ("Complaint"), and in support thereof respectfully submits the following:

### PARTIES, JURISDICTION & VENUE

1.      Defendant admits that Plaintiff has asserted claims of discrimination and retaliation, but denies that any facts exist which support such claims as alleged in Paragraph 1 of the Complaint.

2.      Defendant admits that Plaintiff is African American and upon information and belief is a resident of Houston, Texas  as alleged in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that the Court has jurisdiction as alleged in Paragraph 4 of the Complaint.

5.      Defendant admits that venue is proper as alleged in Paragraph 5 of the Complaint.

6.      Defendant admits that Plaintiff filed a Charge of Discrimination, but is without

sufficient information to admit or deny that the allegations occurred within 300 days as alleged in Paragraph 6 of the Complaint.

7.    Defendant is without sufficient information to admit or deny when Plaintiff received a right to sue letter as alleged in Paragraph 7 of the Complaint.

8.    Defendant is without sufficient information to admit or deny whether Plaintiff has properly exhausted all of his administrative remedies as alleged in Paragraph 8 of the Complaint.

9.    Defendant is without sufficient information to admit or deny whether Plaintiff filed suit within ninety days of receipt of his right to sue letter as alleged in Paragraph 9 of the Complaint.

## FACTS

10.    Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits that at some point, Plaintiff approached Mr. Motz about a shirt, but is without sufficient information to admit or deny the timing of such, as alleged in Paragraph 13 of the Complaint

14.    Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits that the plant had a point system to track attendance, and that employees who clocked in late were assigned points, but denies the remainder of the allegations contained in Paragraph 17 of the Complaint.

18.     Because Plaintiff's allegations lack any information concerning dates, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits that employees were not permitted to come to work if they exhibited COVID symptoms, but denies the remainder of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that Plaintiff's employment was terminated on October 29, 2020, but denies the remainder of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits that Plaintiff's employment was terminated for violation of the attendance policy, but denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

## COUNT 1
### (Wrongful Termination Because of Race)

23.     Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations as phrased in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT 2
### (Retaliatory Termination)

28.     Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's

Complaint, and no response is required to Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that Plaintiff's employment was terminated on October 29, 2020, but denies the remainder of the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## COUNT III
### (Hostile Work Environment Based on Race)

36.     Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## COUNT IV
### (Disparate Treatment Based on Race)

42.     Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegation contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" section of Plaintiff's Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has demanded to exercise his right to trial by jury as alleged in the "Jury Demand" section Plaintiff's Complaint but denies that Plaintiff was subject to any unlawful employment practices.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2.      Without waiver of Plaintiff's burden to show the contrary, Defendant pleads that Plaintiff was an at-will employee, and Plaintiff could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

3.      Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory and non-discriminatory business reasons, and done without discriminatory or retaliatory intent, purpose or effect.

4.      Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Plaintiff has failed to mitigate his alleged damages in whole or in part, and further asserts that Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

5.      Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on

Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or social security benefits.

6.      Defendant had a widely disseminated anti-discrimination and/or anti-retaliation policy.  Defendant has at all times exercised reasonable care to prevent and correct promptly any alleged discriminatory terms and conditions of employment, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant or to otherwise avoid the harm about which he now complains.

7.      Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff would have been taken in the absence of the alleged impermissible motivating factor.

8.      Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant alternatively pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's alleged disability, race, and/or participation or engagement in any alleged protected activity.

9.      Without waiver of Plaintiff's burden to show otherwise, Defendant alternatively pleads that Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

10.      Without waiver of Plaintiff's burden to show otherwise, Defendant did not act willfully or in reckless disregard of Plaintiff's rights and, accordingly, the imposition of exemplary damages would be improper. Furthermore, to the extent Plaintiff seeks exemplary damages, such claim for exemplary damages is barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its

employees on these policies.

11.     Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff were not taken with either malice or reckless indifference to the protected rights of Plaintiff.

12.     Plaintiff cannot recover punitive damages for any alleged discrimination because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

13.     Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations, and constitutional limitations on damages.

14.     Without waiver of Plaintiff's burden to show otherwise, Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and such employee, if any, had no express or implied authority to engage in acts that were inconsistent with Defendant's written rules prohibiting conduct constituting unlawful discrimination and/or retaliation.

15.     Without waiver of Plaintiff's burden to show otherwise, some or all of Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, and laches.

16.     Defendant reserves the right to plead additional defenses as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recovers its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated February 10, 2022                Respectfully submitted,


                                       /s/ Jeremy W. Hawpe                .
                                       Jeremy W. Hawpe
                                       State Bar No. 24046041
                                       jhawpe@littler.com
                                       LITTLER MENDELSON, P.C.
                                       2001 Ross Avenue, Suite 1500
                                       Lock Box 116
                                       Dallas, Texas 75201
                                       214.880.8100
                                       214.880.0181 Fax

                                       ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of February, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows:

Melissa Carr
Chamberlain  McHaney, Pllc
901 S. Mopac Expressway
Barton Oaks Building 1, Suite 500
Austin, Texas 78746

Lewis A. Zipkin
Kevin M. Gross
The Zipkin Whiting Bldg
3637 South Green Road
Beachwood, OH 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe

4859-6607-5916.1 / 109503-1002

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 9**